# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RAY REED, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:14CV483 SPM |
| U.S. PROBATION OFFICE, et al., | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Ray Reed for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it @lacks an arguable basis in either law or fact.@ *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff=d 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead

"enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id*. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

**The Complaint**

Plaintiff, Ray Reed, states that he is a "parolee supervised by defendants, of the United States Probation Office in the Eastern District of Missouri." He claims that defendant Julie O'Keefe, a Senior United States Probation Officer, and defendant Clinton Vestal, a United States Probation Officer, abused their authority and the judicial process, caused him to lose revenue and resulted in his severe emotional distress when they acted in purported violation of the laws of the United States on or about January 30, 2014.[1]

---

[1] Plaintiff also brings suit against the "U.S. Probation Office, Eastern District of Missouri." The United States Probation and Pretrial Services System carry out probation and pretrial services functions in the U.S. District Courts, which is part of the Judicial Branch of the United States of

The gist of plaintiff's allegations is a dispute with his probation officer, Clint Vestal, and Mr. Vestal's supervisory probation officer, Ms. O'Keefe, as to whether plaintiff should be restricted in pursuing employment as a tax preparer. Plaintiff asserts that he would like to ascertain business as a tax preparer and that he believes the conditions of his supervised release allow him to do so. However, he claims that he was told by his probation officer, Clint Vestal, as well as his supervisory probation officer, Julie O'Keefe, that he could not pursue this line of work until he had provided defendants with answers to their questions about the alleged employment process.

Plaintiff claims that defendants' interference with his right to work in his chosen profession is a violation of his rights and an abuse of their authority. He seeks monetary damages and injunctive relief in this action for violation of his civil rights.

### Plaintiff's Criminal Action

The Court takes judicial notice that plaintiff is currently on supervised release in this Court, following his plea of guilty to Count I of a superseding indictment, which charged plaintiff with conspiracy to defraud the government, in violation of 18 U.S.C. § 371. *See United States v. Reed*, No. 4:12-CR-00373-AGF (Mo.ED.).

The criminal conspiracy related to plaintiff's actions between September 2009 and April 2010 while employed as a tax preparer for Mo' Money Taxes, and involved an agreement and conspiracy by plaintiff and several others, including the owner of Mo' Money Taxes, to abuse

---

America. A plaintiff may not directly sue the U.S. Probation Office, as the United States has sovereign immunity from claims; thus, plaintiff's sole remedy is an action brought pursuant to the Federal Tort Claims Act ("FTCA") against the United States. *See Sullivan v. United States*, 21 F.3d 198, 203 (7th Cir.1994), abrogated on other grounds, *Glade ex rel. Lundskow v. U.S*, 692 F.3d 718, 723 (7th Cir. 2012). Plaintiff, however, does not allege that he presented his claim against the Probation Office to the appropriate judicial agency and that the claim was denied, a prerequisite to filing suit in United States District Court under the FTCA. *See* 28 U.S.C. ' 2675(a); *Farmer's State Sav. Bank v. Farmers Home Admin.,* 866 F.2d 276, 277 (8th Cir. 1989). Accordingly, plaintiff's claim against the Probation Office is subject to dismissal.

the education tax credit program, including the American Opportunity Credit ("the AO Credit). As alleged in the indictment, and admitted by plaintiff in his guilty plea, the conspiracy involved the filing of false tax returns on behalf of clients that included AO Credits when the taxpayers did not incur educational expenses and were not entitled to AO Credits. Included among the false tax returns were plaintiff's own return, which included an AO Credit, although plaintiff knew he had not incurred any educational expenses during the tax year.

Plaintiff entered a plea of guilty to Count I of the superseding indictment on July 16, 2013, and on October 24, 2013 was sentenced to time served, plaintiff having been detained pretrial for almost nine months. Plaintiff was also sentenced to three years of supervised release, and ordered to make restitution in the total amount of $352,224. Among the standard conditions of supervision was that plaintiff, <u>as directed by the probation office</u>, "notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics. . . ." [Doc. #347]. No employment restriction was included as a special condition, but it is undisputed that he was subject to the supervision of his probation officers.

On approximately February 10, 2014, plaintiff advised his probation officer, defendant Vestal, that he had applied online and been granted a provisional preparers tax identification number ("PTIN") on January 30, 2014, and that he planned to engage in business as a tax preparer through his own company. Defendant Vestal apparently conferred with defendant O'Keefe and he then advised plaintiff that the probation office would most likely not approve of plaintiff working as a self-employed tax preparer, in light of the perceived risk to third parties. Defendant Vestal then requested that plaintiff produce a copy of the disclosure that plaintiff made to the IRS in connection with his PTIN application, but plaintiff stated that he did not have a copy.

Two days later, on February 12, 2014, plaintiff filed a motion in his criminal case [Doc. #393], seeking to "arrest or revoke a directive" issued by the probation office relating to what he perceived as defendants' interference in his "right to work." On February 19, 2014, defendant Vestal issued a response, specifically requesting that the Court prohibit Mr. Reed from working as a tax preparer. [Doc. # 396].[2] Defendant Vestal's letter was approved by defendant O'Keefe.

The Court issued an order on March 19, 2014, finding that it would hold an evidentiary hearing on the matter on April 2, 2014. In that same Order, the Court entered a temporary order prohibiting plaintiff from working or engaging in the business of a tax preparer. The Court agreed with defendants Vestal and O'Keefe that plaintiff's employment as a tax preparer while on supervision posed a risk to third parties, in light of the nature of the offense for which he was convicted and his prior criminal history. The Court then noted that "[t]he Guide to Judiciary Policy, which addresses Third Party Risk Disclosure, does appear to provide authority for the Probation Office to preclude an offender from certain types of employment when a reasonably foreseeable risk has been established." [Doc. #395, p. 3].

On May 13, 2014, based on Mr. Reed's prior criminal history and the evidence presented at the hearing, the Court made a finding that plaintiff's self-employment as a tax preparer would indeed, pose an undue risk to the community as a whole. In fact, the Court found that had it anticipated at sentencing that Mr. Reed might qualify to serve as a tax preparer, the Court would likely have included such a limitation on self-employment as a tax preparer among the original conditions of supervised release. Thus, the Court modified plaintiff's conditions of supervised release to include a restriction against plaintiff being self-employed as a tax preparer while he is on supervised release. Plaintiff's motion "to arrest or revoke a directive" issued by the probation office was denied. [Doc. #408]

---

[2] The response was docketed by the Court on March 28, 2014.

**Discussion**

As plaintiff has filed his complaint against two federal officers, it appears he is bringing this action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). The gist of plaintiff's complaints against defendants relates to their directives to him that they could not approve his employment as a tax preparer because they believed it would pose a risk to third parties. Plaintiff, as noted above, believes that defendants acted outside their authority when they instructed him thusly, especially given that he had no such restrictions on his supervised release report at that time.

In this Circuit, absolutely immunity, also known as quasi-judicial immunity, has traditionally been given to individuals only when they are involved in making recommendations to the parole/probation decision-makers, such as when they are giving advice to the Court or to parole hearing examiners. For example, in *Anton v. Getty*, 78 F.3d 393 (8th Cir. 1996), a federal parolee brought a *Bivens* action that included probation officers as defendants. The parolee contended that the probation officers violated his constitutional rights "by concluding that his release plan was unacceptable and recommending that his parole be delayed." *Id*. at 396. The Eighth Circuit found that the information and recommendations provided by the probation officers to the parole hearing examiners played a significant part in the parole decision making process. *See id*. The Eighth Circuit concluded that probation officers are entitled to absolute immunity when they "perform discretionary tasks that play an integral part in the decision making process," such as when they "evaluate facts, draw conclusions, and make recommendations." *Id*. at 396. In reaching this conclusion, the Eighth Circuit distinguished a prior case in the Circuit, *Ray v. Pickett*, 734 F.2d 370 (8th Cir. 1984).

In *Ray*, the Eighth Circuit held that a probation officer was only entitled to qualified immunity for the role he played in the parole revocation process because the officer's function

was not "so intimately associated with the judicial process that it entitle[d] [him] to an absolute immunity." *Ray*, 734 F.2d at 373. The officer in *Ray* filed a parole-violation report which merely triggered an inquiry by another officer that may or may not have led to an administrative proceeding. *See id.* In contrast, the duties of the probation officers in *Anton* were "closely connected to Parole Commissioner Getty's decision to delay Anton's parole." *Anton*, 78 F.3d at 366 n.5.

The facts in this case mirror those in *Anton* – defendants were preparing investigatory tasks on behalf of the judicial branch prior to this Court's interference on the matter at hand – namely through the modification of plaintiff's supervised release conditions. According to plaintiff's complaint, as well as the judicial record before this Court, immediately after being notified of plaintiff's intent to work as a tax preparer, defendants sat down with plaintiff to investigate his intent and find out exactly what affect that would have on his conditions of supervised release. Defendants went over the employment restrictions with plaintiff, and after a full meeting on the matter, they requested additional information relating to his verification documents as submitted to the IRS. When plaintiff was not forthcoming with the IRS verification documents and indicated he did not agree with defendants' stated decision to remain (at that time) free from his first choice of employment as a tax preparer, it was only then that defendants told plaintiff that the risks to the public outweighed the correctional treatment to plaintiff. In other words, once the facts were gathered by defendants, and the foreseeable risks were established, it was then that plaintiff was told that he could not immediately proceed with his intent to become a tax preparer without some sort of judicial intervention. And it was at that point that both parties sought the Court's intervention as to a final ruling on the matter.

In light of the aforementioned, defendants are entitled to a finding of quasi-judicial immunity as to plaintiff's claims for relief. As such, the complaint will be dismissed pursuant to

28 U.S.C. § 1915(e)(2)(B). As noted above, plaintiff's claims against the U.S. Probation Office, as brought pursuant to the FTCA, also fail to state a claim upon which relief may be granted, and will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 20th day of June, 2014.

                                                HENRY EDWARD AUTREY
                                     UNITED STATES DISTRICT JUDGE